

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXX
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Sir:                     Opinion No. O-3197

                              Re: Status of application to lease
                                  where bad check accepted by
                                  county surveyor for filing fee.

On February 20, 1941, we received your request for
an opinion on the following matter:

"On January 14, 1941, this office received
a twenty-one page application and a $100.00 fil-
ing fee, to lease an area of alleged vacant un-
surveyed School Land in Brazoria and Galveston
Counties, from Mr. Dan Purvis of Alice, Texas.

"This application was in the form prescribed
by law, and bore the certificates of the County
Surveyors of Galveston and Brazoria Counties to
the effect that the same had been filed and re-
corded in their offices.

"The application and filing fee were ac-
cepted by this office and set up on our records
as M. A. 35699, and as yet no further action
has been had thereon by this office.

"On February 13, 1941, a letter was received
from Mr. Adriance Munson, County Surveyor of
Brazoria County, (Photostatic copy of which is
attached hereto) in which he stated that he had
been given a check for $5.00 by Mr. Purvis to
cover the cost of filing this application, on
January 4, and that on January 21, before he
had copied the instrument into his records, the
check was returned unpaid, and requesting author-
ity from this office to mark the application
"cancelled."

"***

"I would appreciate the benefit of your opinion as to the validity of this application, and the proper steps which should be taken by this office and by the County Surveyor, Mr. Munson, in regard to it."

Since you state that the application was in the form prescribed by law we assume that your question as to the validity of this application is based solely upon the circumstances surrounding the filing of same with the County Surveyor of Brazoria County.

It is the opinion of this department that the County Surveyor of Brazoria County must record the application in question in a book kept by him for that purpose and the fact that the check given for the payment of the filing fee was returned unpaid does not authorize him or you to make the application cancelled.

Article 5421c, Section 6, Subsection c, Vernon's Annotated Statutes, provides as follows:

"Any applicant who claims that a vacancy exists and desires to lease or purchase same shall file in duplicate with the County Surveyor of the county in which any part of the land is situated a written application to purchase or lease same under the provisions of this Act. * * *

"Contemporaneously with the filing of the application, the applicant shall pay to said surveyor a filing fee of Five Dollars ($5). The surveyor shall mark on the original and duplicate the exact hour and date of filing, shall return one application to the applicant and shall record the other · in a book to be kept by him for that purpose. The application which is returned to the applicant shall, within ten (10) days after the date of filing with the surveyor of the county, be filed with the Commissioner who shall note thereon the date of filing. Applicant shall also pay

a filing fee of One Hundred Dollars ($100) to the
Commissioner. Failure to file the application
with the Commissioner within the time fixed, and
to pay the filing fee, shall be a waiver of all
rights under the application. As between appli-
cants, priority shall date from the time of filing
with the surveyor. * * *"

It will be seen from the reading of the above stat-
ute that the Five Dollar filing fee is a fee allowed the county
surveyor for his services in filing and recording, the appli-
cation which he could demand in legal tender before accepting
the application for filing and recording, but he may accept
a check or even do his services free insofar as the validity
of the filing is concerned. Once he has accepted it for fil-
ing and recording the rights acquired by filing immediately
attach and the county surveyor cannot disturb or destroy them.
The provision in the above act "failure to file the applica-
tion with the Commissioner within the time fixed, and to pay
the filing fee, shall be a waiver of all rights under the
application" refers to the filing fee of One Hundred Dollars
to be paid the Commissioner of the General Land Office and
not the Five Dollar filing fee to be paid to the County Sur-
veyor.

In dealing with the recording of a deed by the County
Clerk in the case of American Exchange Bank of Dallas, et al
v. Colonial Trust Company, 186 S. W. 361, the court had the
following to say:

"* * *. Therefore, if he has the legal right
to refuse to receive an instrument in his official
custody unless the fees for recording be paid him
in advance it must, it is thought, be immediately
or seasonably exercised upon the tender of the in-
strument for record. By so doing and refusing to
receive the instrument in his official custody for
record the legal effect would not attach of being
deemed filed for record. But, when the clerk re-
ceives and retains the instument in his official
custody, it is filed within the meaning of the law.
It is not intended by the article to clothe the
clerk with the power of making or defeating rights
respecting registration. * * *. If the clerk, though,

receives and retains the instrument in his official custody awaiting payment of his fees, he, in legal effect waives his personal privilege of requiring payment, and must file and record, as required by law, the instrument so received. * * * The clerk's indorsing on the deed of trust the date of its reception, and holding and retaining it in his official custody with intention to actually enter of record if the recording fee was remitted, would constitute, it is thought, the instrument as filed within the meaning of the law. * * *"

See also Carlisle & Company v. King, et al, by the Supreme Court, in 133 S. W. 241, on rehearing 133 S. W. 864. We note in your letter that the application received by your office bore a certificate from the County Surveyor of Brazoria County that same had been filed and recorded in his office brining this situation clearly within the American Exchange National Bank case, supra.

Sincerely yours

ATTORNEY GENERAL OF TEXAS

By                          D. D. Mahon
                          . Assistant

DDM:mp/PAM
*Mank*
 APPROVED 12, 1941
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN